UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FORREST KENDRID,

    Plaintiff,

v.

N. AGUILERA,

    Defendant.

No. 2:18-cv-1612 MCE AC P

ORDER

Plaintiff, a civil commitment detainee proceeding pro se with a civil rights action, has requested appointment of counsel.

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

"When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (quoting Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983)). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to

1

most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.

Plaintiff requests counsel on the grounds that he is under an involuntary medication order and the medication he receives leaves him confused and out of touch with reality. ECF No. 29 at 1. He also claims that he is illiterate, has limited comprehension, had a stroke that caused paralysis in his hand, is unable to write, and must rely on other inmates to assist him with his filings. Id. at 2-3. The circumstances outlined by plaintiff are common to many inmates and therefore do not demonstrate extraordinary circumstances. Moreover, despite plaintiff's claims regarding his ability to pursue this case without an attorney, he has thus far been able to successfully articulate his claims to the court without assistance of counsel. If plaintiff wants to make a showing of extraordinary circumstances based on his mental health and medical conditions, he must provide records that support his claimed impairments and that demonstrate these impairments leave him unable to pursue this case without assistance.

Plaintiff has also filed a notice advising that he is not receiving mail from the court. ECF No. 30. However, he does not identify the last order he received, making it difficult for the court to determine whether plaintiff has in fact not been receiving his mail. The last order this court issued was the discovery and scheduling order, which was filed and served on November 13, 2019. Plaintiff will be provided another copy of the order.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for the appointment of counsel, ECF No. 29, is denied.

2. The Clerk of the Court is directed to serve plaintiff with another copy of the discovery and scheduling order filed November 13, 2019, ECF No. 28.

DATED: January 13, 2020

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE